UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JAMES PAGAN, #856983, )
       Petitioner, )
) No. 1:18-cv-1103
-v- )
) Honorable Paul L. Maloney
TONY TRIERWEILER, )
       Respondent. )
)

## ORDER ADOPTING REPORT AND RECOMMENDATION

  Joseph Pagan filed a petition for habeas relief under 28 U.S.C. § 2254. The magistrate judge issued a report recommending the petition be denied. (ECF No. 8.) Pagan filed objections. (ECF No. 8.)

  After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

  The Court has reviewed the objections de novo. The Court finds the Report and Recommendation fairly and accurately summarizes the facts and correctly applies the law to those facts.

  Objection 1 - sufficiency of the evidence. The objection is overruled. Although Pagan did make a sufficiency of the evidence challenge in the state courts, he did not argue to the state courts that the victim was dead when the assault (pellet gun used to shoot the victim's genitals) occurred. And, the magistrate judge identified the evidence in the record that would support the conclusion

that the victim was still alive. Pagan does not challenge that particular conclusion in the report and recommendation.

Objection 2 - Due Process / Lesser Included Offense. The objection is overruled. Pagan contends he was convicted of a capital offense, which requires the lesser included offense instruction.[1] The Sixth Circuit has not interpreted *Beck v. Alabama*, 447 U.S. 625 (1980) as literally as Pagan does. "A lesser-included offense instruction is therefore not required when the evidence does not support it, . . . ." *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001) (involving Michigan law). The Michigan Court of Appeals found that evidence did not support the lesser instruction Pagan requested. Pagan has not demonstrated otherwise.

Objection 3 - judge found facts. The magistrate judge recommends this Court decline to consider this challenge under the concurrent-sentencing doctrine. Pagan does not specifically object to this particular recommendation.

Objection 4 - gruesome photos. The objection is overruled. For this objection, Pagan simply disagrees with the Michigan Court of Appeals and the magistrate judge. He has not addressed the reasons provided by the Michigan Court of Appeals or the magistrate judge.

Objection 5 - ineffective assistance of counsel. The objection is overruled. The question is not whether there was any evidence to support the defense (Pagan's "own statements were at best equivocally supportive of possible insanity"). The question is whether counsel's choice not to pursue the defense was objectively reasonable (Pagan's "unsupported theory would have been rebutted by

---

[1] Ordinarily, the phrase "capital offense" refers to a crime for which the defendant may be sentenced to death. In that sense of the phrase, Michigan does not have any capital offenses because Michigan lacks a death penalty. Courts have sometimes referred to a crime having the most severe penalty allowed under state law (but not the death penalty), as a "capital offense." *See, e.g., Williams v. Booker*, No. 09cv12667, 2014 WL 6632469, at *4 (E.D. Mich. Nov. 21, 2014); *Conic v. Warren*, No. 05cv73944, 2007 WL 772923, at *4 (E.D. Mich. Mar. 12, 2007). The Court need not resolve whether Pagan was convicted of a "capital offense" other than to note that he did not face the possibility of the death penalty.

a contrary expert opinion"). Pagan has not demonstrated that the Michigan Court of Appeals unreasonably applied clearly established federal law.

Therefore, the Court **ADOPTS** the Report and Recommendation (ECF No. 8) as its Opinion.

The Court has separately reviewed the record for the purpose of deciding whether to issue a Certificate of Appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). For each claim raised in the petition, the Court concludes reasonable jurists would not disagree with the manner in which this Court has resolved the claims. Pagan did not object to the magistrate judge's recommendation concerning the concurrent-sentence doctrine. The record contains sufficient evidence to support the conclusion that the victim was alive when she was assaulted with the pellet gun. For the other claims, the Michigan Court of

Appeals' decision was not contrary or an unreasonable application of clearly established federal law. Therefore, the Court **DENIES** a certificate of appealability.

    **IT IS SO ORDERED.**


Date: June 17, 2020                          /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 United States District Judge